UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

LISSETTE DAVIS,

                       Plaintiff,

          -against-

POLICE OFFICER XAVIER GALLOZA (SHIELD NO 06116); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.

--------------------------------------------------------------- x

CV-12-4002

**COMPLAINT**

Jury Trial Demanded

**NO SUMMONS ISSUED**

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Lissette Davis ("plaintiff") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Xavier Galloza, Shield No. 6116 ("Galloza"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Galloza is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants Galloza and John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants Galloza and John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 9:03 p.m. on August 29, 2011, plaintiff was lawfully

walking in the vicinity of 1400 New York Avenue in Brooklyn, NY.

13. Plaintiff was on her way home from a trip to the bodega when she saw two unknown women fighting. An officer on the scene said, in sum and substance, "Y'all bitches need to take your low budget asses to your low rent apartments."

14. Plaintiff verbally objected to being called a bitch. The same officer again called plaintiff a bitch. Plaintiff again verbally objected and began walking away

15. Plaintiff heard the officer tell his partner to "Get that bitch".

16. Plaintiff was thrown to the ground and struck plaintiff. Plaintiff was then cuffed.

17. The officers lifted plaintiff off the asphalt by her handcuffs.

18. Plaintiff was eventually taken to the precinct.

19. At the precinct, plaintiff handcuffed to a bench.

20. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing the crimes of disorderly conduct and resisting arrest.

21. At no point did the officers observe plaintiff commit any crime.

22. At approximately 11:00 p.m. on August 30, 2011, plaintiff was arraigned and released.

23. After numerous court appearances plaintiff received an ACD.

24.  Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.  Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### False Arrest

28.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Unreasonable Force

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

36. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

37. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM

### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40.   Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

41.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   August 8, 2012
         New York, New York

_____
Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 212-822-1427
rmarinelli@hmswlaw.com

*Attorney for plaintiff*